OPINION
Appellant, Roderick Bowling, appeals from his conviction in the Niles Municipal Court on one count of aggravated menacing, in violation of R.C. 2903.21(A), a first degree misdemeanor. The following facts are relevant to a determination of this appeal.
On May 4, 1999, John Scott of the City of Niles Electric Department went to the home of appellant to disconnect the electric service due to nonpayment. Since appellant was home and was not being cooperative, Scott telephoned the Niles Police for cassistance. Officer Michael Wilson arrived at the scene but appellant was still acting belligerently. At some point, Officer Wilson learned that there was an outstanding warrant for appellant's arrest. Due solely to the warrant, Officer Wilson placed appellant under arrest, handcuffed him, and put him in the back of his patrol car. According to the officers who were present, as appellant was being helped into the police cruiser, Officer Robert Ludt arrived at the scene. Appellant recognized Officer Ludt from a previous encounter and began directing profanities at him. Appellant's verbal attack included the threat, "I'm going to bang you bitch," which was understood by Officer Ludt, and other officers who witnessed the encounter, to mean that appellant was threatening to shoot the officer. Appellant denied making any threats to Officer Ludt and, in fact, testified that Officer Ludt never appeared at his residence on the day in question.
Appellant was transported to the police station and placed in a room where a number of officers were present including Officer Ludt. Appellant does not dispute this fact. It is clear that some verbal sparring occurred between appellant and Officer Ludt. According to appellant, Officer Ludt was the aggressor, threatening his life. However, Officers Wilson and Ludt both testified that it was appellant who was doing the threatening. Officer Ludt recounted the events, starting with his arrival at appellant's residence. Officer Ludt claimed that appellant made repeated threats during this time period including death threats. Officer Ludt was specifically asked whether he took the threats seriously and whether he believed that appellant intended to commit bodily harm. The officer replied in the affirmative.
Based upon the foregoing incident, appellant was charged with one count of aggravated menacing. The matter proceeded to a bench trial and, on December 3, 1999, appellant was found guilty and sentenced accordingly. Appellant timely filed a notice of appeal.
On appeal, appellant has set forth a single assignment of error. Appellant contends that his conviction was against the manifest weight of the evidence. A manifest weight challenge requires a reviewing court to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflict in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Earle
(1997), 120 Ohio App.3d 457, 472-473. A judgment of the trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172,175; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
In the case at bar, in order to convict appellant of aggravated menacing, the state was required to prove beyond a reasonable doubt that appellant violated R.C. 2903.21(A), which provides:
 "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person, such other person's unborn or a member of the other person's immediate family."
 Appellant argues that the state failed to establish the requisite intent in this case, that being knowledge on his part. R.C. 2901.22(B) defines "knowingly" as follows:
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
Thus, the key question is whether appellant knowingly caused Officer Ludt to believe that appellant would cause serious physical harm to the officer's person or property. We conclude that he did. The state presented two witnesses, both police officers, who testified in detail about the threats made by appellant to Officer Ludt. We have no reason not to believe their testimony. Each testified that appellant made repeated threats of injury and death. The evidence further established that Officer Ludt felt threatened by appellant's words and he believed that appellant intended to harm him at the next opportunity. It is clear that appellant's words were intentionally aimed at inducing fear in Officer Ludt and did, in fact, induce such fear. Under these circumstances, we cannot conclude that appellant's conviction was against the manifest weight of the evidence. We find no error in the trial court's judgment. Appellant's sole assignment of error is without merit.
 __________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., CHRISTLEY, J., concur.